**Janeith GLENN–DAVIS, Plaintiff—Appellant,**

v.

**CITY OF OAKLAND, et al., Defendants—Appellees.**

No. 03–16170.

D.C. No. CV–02–2257–SI.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2005.

Decided March 15, 2005.

John L. Burris, Law Offices of John L. Burris, Oakland, CA, for Plaintiff-Appellant.

Gregory Gavin Schwartz, John Houston Scott, Sheila A. Reid, Shannon Thorne, The Scott Law Firm, San Francisco, CA,

Christopher Kee, Inez Vargas–Fraenkel, Office of the City Attorney, Oakland, CA, for Defendants–Appellees.

Before ALARCÓN, SILER,* and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Plaintiff Janeith Glenn–Davis appeals the district court's grant of summary judgment to Defendants City of Oakland, City Manager Robert Bobb, and Police Chief Richard Word, in her employment suit premised upon gender and pregnancy discrimination. Due to an opinion of this court published after the district court entered judgment, we reverse and remand.

In May 2000, Glenn–Davis, a lieutenant in the Oakland Police Department ("OPD"), qualified for a captain position premised upon her examination results and was placed on an eligibility list for promotion. This eligibility list, and Glenn–Davis's chance of becoming a captain in the OPD, was set to expire in January 2002. In the spring of 2001, Glenn–Davis informed her supervisors that she was pregnant. Defendants later decided that no candidate from the eligibility list would be promoted and implemented a promotions freeze on all captain positions; however, there is no written documentation of this freeze. Glenn–Davis was not promoted, the eligibility list expired, and she brought suit against Defendants for gender and pregnancy discrimination in failing to promote, in violation of 42 U.S.C. §§ 1983 and 2000e et seq. ("Title VII"),

and California's Fair Employment and Housing Act, Cal. Gov't Code § 12940 et seq.

The district court found that Glenn–Davis had presented a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and that the Defendants met their burden to show a legitimate reason for not promoting Glenn–Davis to captain. It further found that Glenn–Davis failed to carry her burden of showing pretext on the part of the Defendants, so it granted summary judgment against Glenn–Davis.

This court recently considered a similar situation in McGinest v. GTE Service Corp., 360 F.3d 1103 (9th Cir.2004). In reversing the district court's grant of summary judgment for failure to promote, we held that "the absence of any documentation confirming that a company hiring freeze was in place during the relevant time period [was] sufficient to raise a genuine factual dispute as to whether the asserted reason was pretextual." Id. at 1123. The complete absence of any memoranda, meeting notes, or other evidence provided circumstantial evidence that the hiring freeze never existed and was pretext for racial discrimination. See id.

Premised upon McGinest, and recognizing that the district court did not have the benefit of its factual scenario, the grant of summary judgment will be reversed and the matter remanded for further proceedings.

## REVERSED and REMANDED.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.